## SHERRER et al. v. SPARKS.
### No. 9513.

Court of Civil Appeals of Texas. San Antonio.

Jan. 30, 1935.

Hull & Oliver, of San Antonio, for appellants.

Goeth, Webb & Goeth, of San Antonio, for appellee.

MURRAY, Justice.

Appellants, Emil Sherrer and Rudolph Cerman, instituted this suit seeking to recover damages in the sum of $5,000 from appellee, J. H. Sparks, for wrongful eviction from a store building located at 3913 South Presa street, in San Antonio, Tex.

The wrongful eviction is alleged to have arisen in this manner: Appellants leased these premises from appellee for a term of years, with a provision in the lease that such premises were to be used only for the purpose of a meat market, fruit, and vegetable store. Afterwards appellee erected another building near this building and leased it to a Handy Andy Company, which sold meats, fruits, and vegetables at a price which appellants could not meet, and thus they were compelled to go out of business and abandon the store building they had leased from appellee.

Appellants do not contend that appellee had covenanted and agreed with them that he would not erect such a building and rent it to some competitor, but simply say that by doing so appellee ruined their business and compelled them to abandon the premises they were occupying as a meat, fruit, and vegetable market.

■ If the lease contract between appellants and appellee had contained a provision not to erect another building and lease it to a competitor, such covenant would be strictly construed, being in restraint of trade. Certainly such a covenant cannot be inferred or implied in a contract. It must be positively expressed. Houston Transfer & Carriage Co. v. Williams (Tex. Com. App.) 221 S. W. 1081; 10 Tex. Jur. 223; Postal Telegraph Co. v. Western Union Telegraph Co., 155 Ill. 335, 40 N. E. 587.

■ It is clear that appellee had a perfect legal right to erect another building and lease it to a Handy Andy Company. Appellee could not be held in damages for doing an act which he had a perfect legal right to do. Such an act in no way breached any contract he had made with appellants.

The trial court properly instructed a verdict for appellee, and, accordingly, the judgment will be affirmed.

Affirmed.