135 So.2d 448 (1961)
NORWOOD SHOPPING CENTER, INC., a Florida corporation, Appellant,
v.
MKR CORPORATION, a Florida corporation, Appellee.
No. 61-412.
District Court of Appeal of Florida. Third District.
December 18, 1961.
*449 Aronovitz, Aronovitz & Haverfield, Miami, for appellant.
Nat L. Williams, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
This was a chancery action instituted by MKR Corporation, Inc., for injunctive relief, damages, and a declaratory decree growing out of an alleged breach by Norwood Shopping Center, Inc., of a lease agreement between the parties.
On or about May 1, 1959, certain premises located in the Norwood Shopping Center were leased to Frederick's Food Stores, Inc., permitting said tenant to use the premises for any legal purpose. Prior to the lease to MKR Corporation, Frederick's Food Stores, Inc., commenced the operation of a supermarket in the shopping center and sold bakery products, including products made by August Brothers Bakery. On December 16, 1959, the appellant, Norwood Shopping Center, Inc., leased unto the appellee, MKR Corporation, a portion of said shopping center to operate a bakery, delicatessen and appetizer store therein. Said lease contained the following restrictive covenant in Paragraph 43:
"Provided and upon the condition that, and only so long as, tenant is in possession of the demised premises and is not in default of this lease, Landlord shall not hereafter lease or sublease premises in the Shopping Center to any other tenant whose principal business within the Shopping Center shall be that of the operation of a retail bakery, delicatessen and appetizer store. It is further provided, however, that nothing contained in the foregoing of this Article Forty-three shall in any way apply to or restrict the landlord in leasing or sub-leasing premises in the Shopping Center to any department stores, supermarkets, drug stores or any other tenants of the shopping center and any and all of the same may use their respective demised premises, now or thereafter demised for any lawful purpose or purposes whatsoever, not otherwise restricted by the landlord. * * *" (Emphasis added.)
On July 28, 1960, a tenant, Frederick's Food Stores, Inc., permitted August Brothers Bakery to operate a concession from said tenant's premises selling the same products previously sold therein, as well as open stock bakery goods.
MKR Corporation filed its complaint and testimony was taken before the chancellor. Upon the conclusion thereof, the chancellor found there was a breach of the restrictive covenant by the appellant, awarded the appellee $6,500.00 damages, and relieved the appellee from liability under the lease.
The appellant does not seek review of the provisions of the final decree relieving the tenant from liability under the lease; only the court's construction of the restrictive covenant of the lease.
In considering this matter on appeal, we find the crux of the problem is the restrictive covenant contained in the aforementioned lease. While a covenant or agreement by a lessor not to lease the retained property for the purpose of conducting a business in competition with the lessee is legal and valid, such a covenant must be positively expressed and, being in the restraint of trade, must be strictly construed. See: Sherrer et al. v. Sparks, Tex.Civ.App., 78 S.W.2d 1035; Postal Telegraph Cable Co. v. Western Union Telegraph Co., 155 Ill. 335, 40 N.E. 587; 51 C.J.S. Landlord and Tenant § 238. A review of the record on appeal reveals *450 Frederick's Food Stores, Inc., executed their lease and were operating under that lease for approximately seven and one-half months prior to the execution of the lease between MKR Corporation and Norwood Shopping Center, Inc. The restrictive covenant in the MKR Corporation's lease provides: "* * * Landlord shall not hereafter lease or sub-lease premises in the shopping center * * *". Therefore, Frederick's Food Stores, Inc.'s act granting a concession in their supermarket to August Brothers Bakery could not be construed as a breach of the restrictive covenant by Norwood Shopping Center, Inc., as said act was consummated under a lease executed prior to that of MKR Corporation. Furthermore, the operating of a bakery in Frederick's Food Stores, Inc., is incidental to the operation of a supermarket and could not constitute a "principal" business under the terms of the restrictive covenant.
Accordingly, the final decree appealed is reversed.
Reversed.