196 So.2d 198 (1967)
WINTER PARK APPLIANCE CENTER, INC., a Florida Corporation, Appellant,
v.
WALLING CRATE COMPANY, a Florida Corporation, Appellee.
No. 5655.
District Court of Appeal of Florida. Second District.
March 8, 1967.
Andrew G. Pattillo, Jr., Ocala, for appellant.
Hutchison & Leffler, Sanford, for appellee.
LOVE, WILLIAM K., Associate Judge.
An action brought by Appellant for a declaratory decree adjudicating the respective rights of the parties under a certain lease agreement, seeking relief for the breach thereof and for damages. Summary final decree was entered by the trial court *199 in favor of the Defendant and the Plaintiff appealed.
The lease in question provided for the use of the leased premises as "A appliance store, and for no other purpose or purposes whatsoever"; and, at the insistence of Plaintiff, was amended, prior to execution to include a provision that: "It is agreed and understood by and between the parties hereto that the lessee herein shall be the only appliance store of any type in the said Palm Plaza Shopping Center to the exclusion of all others in similar types of business."
At the time of the execution of the lease, space in the shopping center was already under lease to and operated by Liggett's Drug Store, McCrory's Ten Cent Store, Grant's Department Store, Publix Super Market and Center Hardware Store; after the execution of the lease, other space was leased to the owners of the Music Center. None of these leases contained any prohibition against the sale of appliances. The Music Center, while primarily musical instruments, records, etc., also sold radios, portable phonographs, stereos, televisions and tape recorders, contended by Plaintiff to be appliances. The drug and hardware stores sold small electrical devices, such as hot-plates, mixers and the like, also contended by Plaintiff to constitute appliances. Grant's had a department in which were sold ranges, refrigerators and freezers characterized by Plaintiff as white goods  appliances, and was engaged in the sale of such, at the time of the execution of Plaintiff's lease and thereafter increased the volume of such sales.
From the testimony of Plaintiff's president, he did not consider that those stores, which were at the time of the execution of the lease, selling radios, TV's and phonographs were appliance stores, but were "an outlet for appliance sales"; nor did he consider the drug store nor hardware store to be appliance stores. Plaintiff's complaint against the music store is the sale of radios, phonographs, stereos and televisions as appliances.
While a covenant or agreement by lessor not to lease the retained property for the purpose of conducting a business in competition is legal and valid, such a covenant must be positively expressed, and being in the restraint of trade, must be strictly construed. Norwood Shopping Center, Inc. v. MKR Corporation, 135 So.2d 448, 97 A.L.R.2d 1 (Fla.App.)
It affirmatively appears that the designation of all of these instruments as appliances is based upon the Plaintiff's statement as to what the trade considers. There is no evidence of usage or custom to such extent or that the Defendants knew of such custom and contracted with reference thereto. "The word `appliance' includes everything applied or used as a means to an end." (Agnesia v. State, 45 So.2d 712.) (Ala. App.) "It is common knowledge that refrigerators, ranges, washers, a dryer and freezer are `appliances'". See in Re A.A. Appliance and TV Center, Inc., District Court of Washington, 170 F. Supp. 103, 107. They are generally considered as any household or office utensil, apparatus, instrument, or machine that utilizes a power supply, especially electric current, as a vacuum cleaner, a refrigerator, a toaster, an airconditioner. See Webster's Third New International Dictionary.
It is obvious from the admitted facts that none of the other businesses in the shopping center were appliance stores as such, in that sale of household appliances therein was only a minor purpose of the business or a department thereof. In this day of the super market and the shopping center, it is common knowledge that drugstores prepare and serve food, sell hardware, electrical supplies and almost every other type of merchandise, and the grocery stores sell shaving implements, material, magazines, kitchen equipment and various other types of articles, including household *200 utensils and devices, but they are not primarily appliance stores.
We find that the Chancellor was amply justified in granting the summary decree appealed from.
His decision is affirmed.
ALLEN, C.J., and PIERCE, J., concur.