J. H. FREDERICK et al., Appellants,

v.

Don M. HULLUM et al., Appellees.

No. 17167.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 13, 1978.

Andrus & Jay, Jack L. Andrus, Jr., Pasadena, Little & Dickey, Will G. Dickey, Houston, for appellants.

William R. Laughlin, Baytown, Robert E. Hudson, Houston, for appellees.

COLEMAN, Chief Justice.

J. H. Frederick, the defendant in the trial court, appeals from a temporary injunction restricting certain conduct on his part as being a violation of a covenant not to com-

pete entered into by him in connection with the sale of a business. The judgment is affirmed.

In February, 1975, Hullum purchased from M & F Services, Inc., a Texas corporation, and its sole shareholder, J. H. Frederick, all of the assets, business, accounts receivable, and good will of the company operated under the name "B & H Parts Company." The terms of the sale were set out in a written contract which provided that the seller would sell, transfer and deliver to the buyer and the buyer would buy from the seller all existing assets and business of the company including certain real property, all merchandise and supplies inventory of the company located on the real property, all accounts receivable of the company, and "all of the Company's good will as a going concern and all rights to the use of the name B & H Parts Company, or any variant thereof." Frederick and the corporation also agreed that for a period of five years from the date of closing neither the corporation nor Frederick would own any interest in or be employed by any business enterprise which is engaged in a business similar to that "now" being carried on by the company, either directly or indirectly, as owner, partner, or shareholder, or in any other manner, within Harris County, Texas. Frederick and the corporation further agreed not to give advice or counsel to any business enterprise which would be a competitor of the business to be carried on by the buyer. A further provision of the contract was that "No part of the purchase price shall be allocated to the good will . . . ."

On or about July 1, 1977, defendant Frederick took employment with defendants Eggleston and Warren doing business as Commercial Washer & Dryer Company as a commissioned salesman. This business was operated out of premises adjacent to the premises occupied by B & H Parts Company. Frederick was compensated by a commission on all equipment sold whether or not he was the procuring cause of the sale. The term "equipment" as used during the trial of this case refers to commercial type washing and drying machines.

At the conclusion of the hearing the trial court enjoined Frederick from in any manner being employed by Commercial Washer & Dryer Company and from owning any interest in or being employed by any business enterprise which is engaged in the business of sales of commercial washer and dryer equipment parts either directly or indirectly and from giving advice or counsel to any such business enterprise engaged in the selling of commercial washer and dryer parts.

Frederick contends that the trial court abused its discretion in that the temporary injunction is ambiguous, indefinite, and is framed more broadly than necessary to protect the business sold. He also contends that the trial court erred in not admitting and considering parol evidence which was offered in connection with the construction of the term "similar business" found in the covenant not to compete.

The evidence is that Commercial Washer & Dryer Company is engaged in the business of selling and installing new equipment, doing service work on washateria equipment, and selling parts for such equipment. The company maintains an inventory of parts and approximately 20% of their gross receipts is derived from the sale of parts. There is testimony that a customer who buys new equipment from a company ordinarily will also buy parts from that same company.

At the time of the trial B & H Parts Company was engaged in both the sale of new equipment and the sale of parts. There was a conflict in the evidence as to whether or not B & H was engaged in the sale of new equipment at the time of the purchase of the company by Mr. Hullum. The trial court will be presumed to have found that B & H Parts Company was not engaged in the sale of equipment at the time it was purchased by Mr. Hullum. A company engaged in the sale of commercial washer and dryer parts obviously would not be in a business identical to that of a company engaged in the sale of equipment and parts for commercial laundries. Frederick

agreed he would not take employment in a company doing a "similar" business. The question is whether or not the two businesses are similar.

During the course of the trial Frederick was asked if he had discussed with Mr. Hullum the covenant not to compete. When he answered that he had discussed this covenant, he was asked whether he recalled what those discussions were. At this point an objection was imposed on the basis of the parol evidence rule. The objection was sustained and defendant Frederick offered testimony on a bill of exception. On the bill Mr. Frederick testified that he had several discussions with Mr. Hullum during which he advised Mr. Hullum that he was selling commercial equipment and that he intended to continue in that business. He did not construe the language of the covenant to prohibit his engaging in the business of selling washers and dryers. The testimony taken on the bill of exception was not offered into evidence.

The injunction issued by the trial court prevents Frederick from being employed by Commercial Washer & Dryer Company, but it does not enjoin him from engaging in the business of the sale of new or used equipment. Had the testimony contained in the bill of exception been properly offered into evidence and excluded, such a ruling on the part of the trial court would not have constituted reversible error in view of the judgment entered.

The term "similar business" is perhaps overbroad. The order entered by the court, however, does not have this defect. Mr. Frederick is specifically enjoined from engaging in the business of the sale of commercial washer and dryer parts and from being employed by Commercial Washer & Dryer Company. We must presume that the court has found as a fact that the Commercial Washer & Dryer Company is engaged in a similar business. The factual support for such a finding has not been attacked by a point on this appeal.

■ The fact that the business operated by Commercial is broader than that of B & H at the time of the sale will not defeat the conclusion that the two businesses are similar within the meaning of the covenant. The two businesses directly compete in the sale of parts. They sell to the same customers and satisfy the same economic needs and desires of those customers. See Annotation, Lease Covenant Against Competition, 97 A.L.R.2d 4.

■ It is contended that the covenant not to compete is invalid in that it is not supported by consideration. Frederick relies on that provision in the contract for sale that "No part of the purchase price shall be allocated to good will." The agreement specifically provided for the sale of the business as a going concern and for the sale of the good will of the company. The conveyance of the good will was part of the consideration flowing to the purchaser for his agreement to purchase the assets of the business. The contract must be considered as being indivisible in that full and complete performance on the one side constituted the consideration for performance on the other. In such a situation, all promises and stipulations are dependent, and the consideration supports the entire contract. *Frankfurt Finance Company v. Treadaway*, 159 S.W.2d 514 (Tex.Civ.App.—Dallas 1942, writ ref'd w.o.m.).

■ Appellee presents a cross-point contending that the trial court erred in failing to prohibit Frederick from participating in businesses dealing in commercial washer and dryer equipment. This contention is based on certain testimony that prior to the year 1975 B & H Parts Company was engaged in the sale of equipment as well as parts. Mr. Frederick testified positively that B & H Parts Company was not engaged in the sale of commercial equipment although he operated a business under the assumed name of Koinway Sales Company from the same premises which was engaged in that business. One of the witnesses produced by Mr. Hullum testified that Mr. Frederick had a business under that name which was engaged in the sale of equipment. Mr. Frederick also testified that following the sale of B & H Parts Company to

Mr. Hullum he continued to engage in the business of selling equipment for three years without protest on the part of Mr. Hullum. He testified that Mr. Hullum knew he was selling equipment and made no protest to him prior to the filing of this suit. The trial court's presumed finding that B & H Parts Company was not engaged in the sale of equipment at the time of the sale of the company to Mr. Hullum is supported by sufficient evidence. The court did not abuse its discretion by refusing to enjoin Mr. Frederick from engaging in the business of selling equipment.

The judgment is affirmed.