BERANEK, Judge.
This is a non-final appeal from an order granting O.A. & E., Inc., a temporary injunction against its landlady, Sophia Reed, restraining her from permitting the sale of beer and wine in Section A of the leased premises. We reverse.
O.A. & E., Inc., leased Section B from Consolidated Hotels, Inc., which subsequently transferred ownership to Sophia Reed. O.A. & E. subleased Section B to Phillip and Becky Mead, who operate the Propeller Club, a beer and wine bar on the premises. Section A has been leased by a series of businesses beginning with Papa Nick’s Sub Shop and including Munchy’s, Lenny’s House of Pizza, and the current tenant, The Palms Restaurant and Tappery (The Palms). Each Section A occupant pri- or to The Palms had an arrangement with O.A. & E., Inc., whereby O.A. & E. supplied beer and wine to “A’s” customers and “A” provided food for the Propeller Club. In October of 1979, The Palms began selling beer and wine in addition to food, and the Propeller Club started selling hot dogs, soup, potato chips, and pretzels.
O.A. & E. sued Sophia Reed, seeking damages and requesting the court to issue a temporary and permanent mandatory injunction and restraining order requiring Reed to halt the sale of beer and wine in Section A.[1] O.A. & E. claimed paragraph 22[2] of the lease granted it, as lessees of Section B, an exclusive right to sell beer and wine in Section A. The trial court granted the temporary injunction and restrained Reed from permitting the sale of beer and wine by the tenant in Section A.
Reed raises ■ numerous points on appeal including failure to join an indispensable party, failure to show an inade *489 quate remedy at law, and unclean hands. Reed strenuously contends O.A. & E. was not entitled to the temporary injunction because the alleged restriction in the lease was not positively and clearly expressed. We agree and find it unnecessary to consider any point other than the content of the lease. A covenant restricting a landlord’s right to lease property retained by him must be positively expressed and strictly construed. Winter Park Appliance Center, Inc. v. Walling Crate Company, 196 So.2d 198 (Fla. 2d DCA 1967); Norwood Shopping Center, Inc. v. MKR Corporation, 135 So.2d 448 (Fla. 3d DCA 1961). While Paragraph 22 clearly gave O.A. & E. the privilege to sell beer and wine in Sections A & B during Papa Nick’s Sub Shop’s occupancy, it did not grant O.A. & E. an exclusive right to sell beer and wine in those sections or indicate whether the landlord intended the privilege to extend beyond Papa Nick’s Sub Shop’s occupancy. The fact that tenants occupying Section A other than The Palms refrained from selling beer and wine is irrelevant as the restriction must be evidenced by a clearly expressed intention in the lease itself, not by conduct. Fontainebleau Hotel Corp. v. Kaplan, 108 So.2d 503 (Fla. 3d DCA 1959).
Accordingly, the order granting the temporary injunction is reversed and the cause remanded to the trial court with directions to vacate the order and to conduct such further proceedings as are appropriate. Our ruling is limited solely to the temporary injunction. We do not decide the overall merits of the case. The issues between the parties as made by the pleadings are yet to be determined.
REVERSED AND REMANDED WITH DIRECTIONS.
MOORE and GLICKSTEIN, JJ., concur.

. This action was instituted in 1977 when Sophia Reed sued in County Court to evict O.A. & E. O.A. & E. filed a counterclaim exceeding the County Court’s jurisdiction, whereupon the case was transferred to Circuit Court. In June of 1979, the court entered an order acknowledging Reed’s representation that she would not prosecute her cause of action against O.A. & E. In March of 1980, O.A. & E. filed a supplemental counterclaim requesting, inter alia, the injunction at issue herein.

. Paragraph 22 provides in pertinent part:
The building described in the sketch below as Sections A & B sets forth that portion to be occupied by leassees [sic] and that portion marked B is to be occupied by O.A. & E. and that portion marked A is to be occupied by Papa Nick’s Sub Shop. O.A. & E. had the senior lease of the entire property and has a license to sell beer and wine and shall have the privilege to sell beer and wine in that portion leased by Nicks Sub Shop, Inc. by licensed employees. In a like manner Nick's Sub Shop, Inc. shall have the right to sell food in portion B .. . (Emphasis supplied.)
The lease was never introduced into evidence at the hearing but both counsel have presented it for this court’s consideration.