CAMPBELL, Acting Chief Judge.
In these consolidated appeals, appellant, Eckerd Drugs of Florida, Inc. (Eckerd), challenges a nonfinal order enjoining it from conducting a postal substation on its leased premises in a Naples shopping center (case number 94-04364). Eckerd also challenges the denial of its motion to dissolve that temporary injunction (case number 95-00305). The trial court issued the injunction because it found that appellees, Jonathan and Janet Levin (the Levins), had been granted, by their lease, the exclusive right to operate a postal substation in that shopping center. We conclude under the facts established below that it was error to issue the injunction and, therefore, reverse in both appeals.
On November 27, 1984, Eckerd entered into a lease with Green Tree Shopping Center for one of its drug stores. The lease required Eekerd to pay fixed annual rents and additional rental payments calculated on the basis of “gross receipts,” which, by definition, specifically excluded, among other transactions from which Eckerd could anticipate income, “sales of stamps, money orders, *844 [and] operation of a sub-post office (if any)....”
On May 3, 1991, the Levins entered into a lease with the then-new owners of Green Tree Shopping Center, Colombo Enterprises of Naples, Inc., in which the Levins leased a store facility to operate their Mailboxes, Etc. franchise. The Levins’ lease provision pertaining to “Use Of Premise” referred to a “Supplemental Terms and Conditions.” The pertinent parts of the “Supplemental Terms and Conditions,” (paragraphs two and three) provide as follows:
2. Tenant shall have the exclusive use of mailbox rentals, electronic fax services, and shipping services.
3. Tenant shall use the leased premises for the operation of mailbox rentals, parcel shipping and packaging, supplies and services, key duplicating, western union, printing, copy service, passport photos, film processing, fax for profit, electronic filing of tax returns, stationary and office supplies.
In June of 1994, pursuant to a contract with the United States Postal Service, Eck-erd opened a postal substation within Eck-erd’s leased premises. The evidence is un-contradicted that Eckerd’s operates the postal substation solely with Eckerd employees.
The Levins promptly instituted an action against Eckerd seeking, among other things, to enjoin Eckerd’s postal substation operation. The Levins alleged that their lease' allowed them the exclusive right to have mailboxes and shipping services in Green Tree Shopping, Center. The trial judge agreed with the Levins and entered a temporary injunction enjoining Eckerd from operating the postal substation.
We disagree with that interpretation of the parties’ leases. Clearly, a later lease cannot, without the consent of the parties to a prior lease, alter the rights of the parties to the prior lease. Eckerd’s lease expressly contemplated that Eckerd could operate a sub-post office since the provision of the Eckerd lease defining “gross receipts” for the purpose of calculating its rent payments specifically excludes any “sales of stamps, money orders, [and] operation of a sub-post office (if any).... ” Given that exclusivity provisions in leases are in the nature of restrictive covenants, they must be evidenced by clearly and positively-expressed language in the lease and must be strictly construed. Winter Park Appliance Center v. Walling Crate Co., 196 So.2d 198 (Fla. 2d DCA 1967); Reed v. O.A. & E., Inc., 390 So.2d 487 (Fla. 4th DCA 1980); Norwood Shopping Center, Inc. v. MKR Corp., 135 So.2d 448 (Fla. 3d DCA 1961); Fontainebleau Hotel Corp. v. Kaplan, 108 So.2d 503 (Fla. 3d DCA 1959). We have some doubt as to the extent of the Levins’ rights under the clause that states they “shall have the exclusive use of mailbox rentals, electronic fax services, and shipping services.” (Emphasis supplied.) However, regardless of the intent of that clause, it had no effect on Eckerd’s extant right to operate a postal substation.
Since Eckerd’s lease specifically contemplated that Eckerd could operate a sub-post office within its leased premises, the Levins’ subsequent lease could not affect that right. We, therefore, reverse the temporary injunction and direct that it be dissolved.
Reversed and remanded.
BLUE and LAZZARA, JJ., concur.