INSTA/COM, INC., Appellant,

v.

AETNA CASUALTY AND SURETY
COMPANY, Appellee.

No. 20050.

Court of Civil Appeals of Texas,
Dallas.

Sept. 24, 1979.

R. Hunter Summers, Hewett, Johnson,
Swanson & Barbee, Dallas, for appellant.

Robert M. Greenberg, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERT-
SON and CARVER, JJ.

ROBERTSON, Justice.

This is a suit on a surety bond. Appellant Insta/Com, Inc. sued appellee Aetna Casualty and Surety Company as surety and N. R. Sullivan, d/b/a Sullivan Trucking Company, as principal, for $2,999.35. Trial was to the court which entered a judgment against Aetna for $341.80, but denied recovery for the default of Sullivan occurring after December 1975. Subsequently, Insta/Com took a non-suit against Sullivan. We modify the judgment to allow recovery of the full amount of the appellant's claim.

Insta/Com is in the business of advancing money to truck drivers along their routes on behalf of the companies for whom they work. A fee is charged for this service and reimbursement is received from the truck companies. On May 31, 1974, Insta/Com and Sullivan entered into a written contract under which Insta/Com was to provide Sullivan's trucking business with check service after November 13, 1974. Sullivan agreed to remit to Insta/Com on a daily basis the

amount of all checks transmitted plus charges. The contract provided that "Insta/Com may immediately terminate this agreement upon any failure to trucking company to comply with this obligation." Thereafter, on November 11, 1974, Sullivan and Aetna executed a surety bond in the amount of $2,500 in favor of Insta/Com and by an increase certificate dated October 15, 1975, the amount of the bond was raised to $5,000.

In December of 1975 Sullivan failed to make payment for two check transmissions totalling $341.80. In March, April, and May of 1976 Sullivan defaulted on twelve other payments. The total amount of these payments, including transmission charges, was $2,999.35. Insta/Com notified Aetna of Sullivan's default by telephone in July 1976 and by a letter dated September 17, 1976, in which they demanded that Aetna honor its surety bond by paying the amount owed by Sullivan.

The trial court made the following conclusions of law:

> That one who has a bonded contract with another that provides one with immediate right of termination upon default of the contract must exercise that right upon knowledge of default or lose its right to recover damages as a result of future default from an unknowing, unnotified surety. . . .
>
> This court concludes that the plaintiff was obligated under its bond issued by Aetna bonding its contract with Sullivan to first notify the bonding company at plaintiff's first notice of default . . ..

■ On this appeal Insta/Com argues that it had no obligation to terminate its contract with Sullivan upon default because the words "may immediately terminate" are permissive in nature and are not compulsory. We agree. When language in a contract is clear and unambiguous, courts must construe it according to its plain terms and should not resort to arbitrary rules of construction. *Citizens Nat'l Bank v. Texas & P. Ry.*, 136 Tex. 333, 150 S.W.2d 1003, 1006 (1941); *Schoellkopf v. Bryan*, 284 S.W.

339, 343 (Tex.Civ.App.—San Antonio 1926, writ ref'd). Courts are not to impair the effect of legally executed contracts, but are to enforce them as written. *Rogers Ranch Co. v. Darwin*, 89 S.W.2d 828, 828 (Tex.Civ. App.—San Antonio 1936, no writ). Consequently, the words "may immediately terminate" must be taken in their natural and ordinary sense; that is, as allowing, but not requiring, termination at Insta/Com's discretion.

■ Insta/Com further maintains that it had no obligation to notify Aetna of any default of Sullivan. This position is supported by Texas law. A surety is generally bound with his principal by the same instrument executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning and is held to know every default of his principal. Usually he will not be protected either by the mere indulgence of the creditor to the principal or by want of notice of default of the principal, no matter how much he may be injured thereby. *Page v. White Sewing Mach. Co.*, 12 Tex.Civ.App. 327, 34 S.W. 988, 990 (1895, no writ); *see Scott v. Tate*, 28 S.W.2d 848, 849–50 (Tex. Civ.App.—Eastland 1930, no writ); *Georges v. Fricke*, 283 S.W. 221, 223 (Tex.Civ.App.— Austin 1926, writ ref'd). Additionally, a surety, as distinguished from an endorser, is not even entitled to demand notice of default absent specific contractual language to that effect. The general rule is that a creditor owes no duty of active vigilance to the surety to enforce the collection of indebtedness. *Alabama Fidelity & Casualty Co. v. Alabama Fuel & Iron Co.*, 201 Ala. 625, 79 So. 57, 58–59 (1918); *Arnett v. Simpson*, 235 S.W. 982, 984 (Tex.Civ.App.— Amarillo 1921, writ dism'd).

Aetna counters that even ignoring the contract, a principal has a duty to act in good faith toward his surety, which, in this instance, gave rise to a duty on the part of Insta/Com to terminate its contract with Sullivan upon Sullivan's initial default. This duty is said to arise from the equities of the situation. *See Hamlen v. Rednalloh Co.*, 291 Mass. 119, 197 N.E. 149, 153 (1935).

This contention of Aetna cannot stand, however, in light of Texas' clear definition of the relationship between and duties of principal and surety as set out above.

We therefore hold that a creditor has no duty to a surety to be actively vigilant or to give notice of default absent a provision so providing in the contract. Insta/Com did not have any duty or obligation to protect Aetna from loss by cancelling its contract with Sullivan or by notifying Aetna of the default thereby giving Aetna the opportunity to cancel its surety bond. Insta/Com is entitled to judgment against Aetna for the full amount of its losses in the sum of $2,999.35.

The judgment is therefore modified accordingly and as modified, affirmed.