**G.H. BASS & COMPANY, Appellant**

v.

**DALSAN PROPERTIES—
ABILENE, Appellee.**

No. 05–93–01502–CV.

Court of Appeals of Texas,
Dallas.

Sept. 26, 1994.

**574**

Before THOMAS, ROSENBERG and BARBER, JJ.

## OPINION

THOMAS, Justice.

In this appeal, we must decide whether G.H. Bass & Co. can be held liable as a surety[1] on a commercial lease for unpaid rent and other charges that accrued after the primary term of the lease expired. The trial court granted summary judgment in favor of Dalsan Properties—Abilene (the landlord).

Bass asserts two points of error. First, Bass contends the trial court erred in granting the landlord's motion for summary judgment and in denying its own motion because it is not liable as a matter of law under the surety agreement for anything that became due during the holdover period. Second, Bass argues the landlord waived its right to collect the rent as a matter of law, or alternatively, fact issues exist precluding summary judgment.

We conclude Bass can be held liable under the lease for holdover rent and other charges. However, we also conclude a fact issue exists on Bass's waiver defense. Therefore, we reverse the summary judgment in the landlord's favor and remand this cause to the trial court for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND

The landlord leased space in an Abilene shopping center to The Shoe Box, Inc. The lease, dated October 1, 1986, was for a fixed term of three years and five months. On the last page of the lease, Bass signed the following paragraph:

> G.H. Bass & Co. hereby agrees to be jointly and severally liable with The Shoe Box, Inc. for the rent and other charges payable by [The Shoe Box] under this lease between [the landlord] a Texas gen-

Glenn B. Callison, Dennis L. Roosien, Jr., and Brian J. O'Toole, Dallas, for appellant.

Martin J. Lehman, Dallas, for appellee.

1. Although in its brief Bass asserts it was not a surety, Bass conceded at oral argument that it was acting as a surety. Moreover, a surety is a party who promises to answer for the debt of another. *Crimmins v. Lowry*, 691 S.W.2d 582, 585 (Tex.1985). A surety is generally bound with his principal by the same instrument executed at the same time and on the same consideration. *Insta/Com Inc. v. Aetna Casualty & Sur. Co.*, 589 S.W.2d 494, 495 (Tex.Civ.App.—Dallas 1979, no writ). Bass agreed to be jointly and severally liable with Shoe Box for rent and other charges payable under the lease. Accordingly, we treat Bass as a surety on the lease.

eral partnership, ... and The Shoe Box Inc., as Tenant.

The lease expired on January 15, 1990;[2] however, Shoe Box held over under the lease until October 1991. The lease contained the following holdover provision:

> ARTICLE XXI. 21.1 In the event [The Shoe Box] remains in possession of the Demised Premises after the expiration of this lease and without the execution of a new lease, it shall be deemed to be occupying said premises as a tenant from month to month at a rental equal to the rental (including any percentage rental) herein provided plus fifty (50) per cent of such amount and otherwise subject to all the conditions, provisions and obligations of this lease insofar as the same are applicable to a month to month tenancy.
>
> [P]rovided, however, that the fifty percent (50%) rental premium shall not begin to accrue until thirty (30) days after the expiration of the lease term, if the parties are engaged in good faith negotiations during such period.

During the holdover period, Shoe Box failed to pay the rent, taxes, insurance, and common area maintenance fees required under the lease.[3] In August 1991, Shoe Box went into bankruptcy. The landlord then demanded payment for the unpaid rent and other charges from Bass. Bass refused, and the landlord sued. Both parties moved for summary judgment.

## SUMMARY JUDGMENT

### 1. Standard of Review

■ The function of a summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252

S.W.2d 929, 931 (1952). In reviewing a summary-judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, we must take the evidence favorable to the nonmovant as true.

3. We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor.

*See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The purpose of the summary-judgment rule is not to provide either a trial by deposition or a trial by affidavit but is to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains. *Port Distrib. Corp. v. Fritz Chem. Co.*, 775 S.W.2d 669, 671 (Tex.App.—Dallas 1989, writ dism'd by agr.).

■ Under rule 166a of the Texas Rules of Civil Procedure, both plaintiff and defendant may simultaneously move for summary judgment. *Cluett v. Medical Protective Co.*, 829 S.W.2d 822, 825 (Tex.App.—Dallas 1992, writ denied). When both parties move for summary judgment, each party must carry its own burden as the movant and, in response to the other party's motion, as the nonmovant. Neither can prevail because of the failure of the other to discharge its burden. *Cove Inv., Inc. v. Manges*, 602 S.W.2d 512, 514 (Tex.1980).

■ To prevail on a summary judgment, a plaintiff must conclusively prove all elements of the cause of action as a matter of

---

**2.** We recognize this date falls short of the three-year, five-month lease term. However, the lease was originally dated July 1, 1986 and later changed to October 1, 1986. In their briefs, both parties list January 15, 1990 as the date the primary term of the lease expired.

**3.** For the first ten months of the holdover period, Shoe Box paid the rent required under the primary term of the lease but did not pay the fifty percent increase required by the holdover provision. From November 1990 to October 1991, Shoe Box failed to pay even the minimum amount on a number of occasions. The landlord alleges that a principal sum of $91,510.05 is due and owing.

law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); Tex.R.Civ.P. 166a(c). In contrast, a defendant as movant must either (1) disprove at least one element of each of the plaintiff's theories of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

▮ Since both parties moved for summary judgment, this Court considers all evidence accompanying both motions in determining whether to grant either party's motion. *Cluett*, 829 S.W.2d at 825. The court can rely on one party's evidence to supply missing proof in the other party's motion. *Knighton v. IBM Corp.*, 856 S.W.2d 206, 208 (Tex.App.—Houston [1st Dist.] 1993, writ denied). But the court must indulge all reasonable inferences and resolve all doubts in favor of the losing party. *University of Tex. Health Science Ctr. v. Big Train Carpet*, 739 S.W.2d 792, 792 (Tex.1987) (per curiam).

## 2. Rules of Construction

▮ In this case, neither party pleaded that the surety agreement was ambiguous, nor did either party raise this point in its response to the motion for summary judgment. Any issues defeating the movant's entitlement to summary judgment must be expressly presented to the trial court by written answer or response. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993); *Balboa Ins. Co. v. K & D & Assocs.*, 589 S.W.2d 752, 756 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Because ambiguity is not an issue in this case, the construction of the surety agreement is a question of law for the court. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983).

▮ In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Coker*, 650 S.W.2d at 393; *Preston Ridge Fin. Servs.*

*Corp. v. Tyler*, 796 S.W.2d 772, 775 (Tex. App.—Dallas 1990, writ denied). This cardinal rule of construction applies to surety agreements. *See Balboa Ins. Co.*, 589 S.W.2d at 758. As in other contracts, the surety agreement is interpreted to ascertain the obligations intended by the parties, gathered from the instrument as a whole. *Balboa Ins. Co.*, 589 S.W.2d at 758. In determining Bass's liability to the landlord, we construe the lease and surety agreement together. *Arceneaux v. Price*, 468 S.W.2d 473, 474 (Tex.Civ.App.—Austin 1971, no writ).

▮ The intention of the parties is discovered primarily by reference to the words used in the contract. *Preston Ridge Fin. Servs. Corp.*, 796 S.W.2d at 775. Further, to determine the parties' actual intent, courts should examine and consider the *entire writing* in an effort to harmonize and give effect to *all* the provisions of the contract so that none will be rendered meaningless. *Coker*, 650 S.W.2d at 393; *Preston Ridge Fin. Servs. Corp.*, 796 S.W.2d at 775. No single provision taken alone will be given controlling effect; rather, all provisions must be considered with reference to the whole instrument. *Coker*, 650 S.W.2d at 393; *Preston Ridge Fin. Servs. Corp.*, 796 S.W.2d at 775.

## 3. Construction of the Surety Agreement

▮ The instant dispute concerns whether the surety agreement applies to the holdover provision of the lease. Bass contends it is not liable for rent due under a holdover tenancy to which it is not a party. Specifically, Bass argues that it agreed only to be jointly and severally liable under the original lease, and nowhere in that lease does Bass agree to guarantee Shoe Box's payments as a holdover tenant.

As support for its position, Bass relies heavily on *Bockelman v. Marynick*, 788 S.W.2d 569 (Tex.1990). In *Bockelman*, the Texas Supreme Court held that a holdover tenancy was a new tenancy and not a continuation, extension, or renewal of the original lease. Bass likens itself to the cotenant in *Bockelman*, arguing that it cannot be held liable beyond the primary term of the lease.

We disagree and conclude that *Bockelman* is not dispositive of the issue before us.

The rationale of *Bockelman* is based on principles of cotenancy under Texas law, not on principles of suretyship law. In our case, Bass's obligation did not turn on the nature of Shoe Box's tenancy. Rather, Bass's liability is measured by Shoe Box's obligations under the terms of the lease agreement.

■ It is undisputed that Bass agreed to be "jointly and severally liable for the rent and other charges *payable by [Shoe Box] under this lease....*" (Emphasis added.) The lease expressly provided for payments in the event of a holdover tenancy. In the absence of an express provision to the contrary, a surety is bound by the obligation of the principal. *See Lawyers Sur. Corp. v. State,* 825 S.W.2d 802, 803 (Tex.App.—Austin 1992, no writ); *Wright Way Constr. Co. v. Harlingen Mall Co.,* 799 S.W.2d 415, 426 (Tex.App.—Corpus Christi 1990, writ denied). Thus, Bass was liable to the same extent as Shoe Box *under the lease.* Because Shoe Box was liable *under the lease* for rent during any holdover period, Bass likewise was liable for payment of any holdover rent due.

We therefore conclude the trial court did not err in denying Bass's motion for summary judgment. We next address whether the landlord has waived its right to payment.

### WAIVER OF PAYMENT

#### 1. Applicable Law

In the second point of error, Bass urges that even if it is liable for the holdover rent and other charges, the landlord has waived its right to payment as a matter of law. Alternatively, Bass contends there is a fact issue as to waiver precluding summary judgment. Waiver is an affirmative defense; therefore, Bass must establish conclusively all the essential elements of the defense to be entitled to summary judgment. *See City of Houston,* 589 S.W.2d at 679.

4. The landlord argues that Bass has put forth no competent summary-judgment proof because the trial court sustained its objections to Bass's evidence and Bass has not appealed that ruling.

■ Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Sun Explor. & Prod. Co. v. Benton,* 728 S.W.2d 35, 37 (Tex.1987). The elements of waiver are: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) an actual intent to relinquish the right (which can be inferred from conduct). *Vessels v. Anschutz Corp.,* 823 S.W.2d 762, 765 (Tex.App.—Texarkana 1992, writ denied); *FDIC v. Attayi,* 745 S.W.2d 939, 946 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ Intent is the key element in establishing waiver. *Vessels,* 823 S.W.2d at 765; *Attayi,* 745 S.W.2d at 947. The law on waiver distinguishes between a showing of intent by actual renunciation and a showing of intent based on inference. *Attayi,* 745 S.W.2d at 947. In the latter situation, it is the burden of the party who is to benefit by a showing of waiver to produce conclusive evidence that the opposite party "unequivocally [sic] manifested" its intent to no longer assert its claim. *Attayi,* 745 S.W.2d at 947. This is a particularly onerous burden. *Attayi,* 745 S.W.2d at 947.

#### 2. Summary Judgment Proof

■ To establish waiver, Bass relies solely on an exhibit attached to the landlord's motion for summary judgment. The exhibit is a schedule of payments due and payments received during the holdover period.[4] The exhibit reflects that from January 15, 1990 to November 1990, Shoe Box paid $4800 each month but did not pay the fifty-percent holdover rent due. From November 1990 to October 1991, Shoe Box made only partial minimum payments for several months, did not pay the holdover rent, and failed to pay taxes, insurance, and common area maintenance fees.

The issue of waiver should be considered only in light of what the landlord did. Bass argues the schedule is conclusive proof of waiver because the landlord, for nearly two

Because both parties moved for summary judgment, we can consider the landlord's evidence as proof of Bass's waiver argument. *See Cluett,* 829 S.W.2d at 825.

years, accepted a lower rent than it could have collected. We disagree that the schedule is conclusive evidence of waiver. There is nothing in the schedule expressly stating that the landlord was relinquishing its claims for past-due payments. Because reasonable minds could differ as to whether the landlord's act of accepting lower payments warrants the conclusion that it intended to waive additional holdover payments, we conclude the waiver defense was not established as a matter of law.

Nevertheless, when we indulge all reasonable inferences and resolve all doubts in Bass's favor, as we must, we believe the schedule raises a fact issue on waiver. One could infer from the exhibit that the landlord knew of its right to payment but, by accepting less than full payment for an extended period of time, it intended to relinquish any claim to past-due monies. *See, e.g., Wettstein v. Love,* 583 S.W.2d 471, 474 (Tex.Civ. App.—El Paso 1979, writ ref'd n.r.e.) (where lessee accepted rent payments and made no claim for cost-of-living increase as provided in lease, a fact issue existed as to whether lessor waived right to seek additional rent). Because the summary-judgment evidence created a fact issue as to Bass's waiver defense, we hold the trial court erred in granting summary judgment in the landlord's favor. We therefore sustain the second point of error.

We affirm the trial court's denial of Bass's motion for summary judgment, and we reverse the summary judgment in favor of the landlord. Accordingly, we remand the cause to the trial court for further proceedings consistent with this opinion.