541 So.2d 738 (1989)
ACCELERATION NATIONAL SERVICE CORP., an Ohio Corporation Authorized to Do Business in Florida, Appellant,
v.
BRICKELL FINANCIAL SERVICES MOTOR CLUB, INC., a Fla. Corporation, Appellee.
No. 88-1043.
District Court of Appeal of Florida, Third District.
April 11, 1989.
Squire, Sanders & Dempsey and Hendrik G. Milne, Miami, for appellant.
Battisti and Battisti; Ferdie and Gouz and Ainslee R. Ferdie, Coral Gables, for appellee.
Before FERGUSON, JORGENSON and LEVY, JJ.
PER CURIAM.
This case involves a dispute between Acceleration National Service Corp. [Acceleration] and Brickell Financial Services Motor Club, Inc. [Brickell] regarding a termination clause in a contract between them. The pertinent portion of the written agreement between the parties concerning duration provided that:
The initial term of this agreement shall be for a period of three (3) years from the date hereinabove. Subsequent to the three (3) year term, this agreement shall be automatically renewed unless either *739 party notifies the other of its intention not to renew no less than one hundred and twenty (120) days prior to the expiration of the then current agreement. It is further agreed that during any term of this agreement that same shall be terminable by either party upon furnishing to the other notice of intent to terminate no less than one hundred twenty (120) days prior to the intended effective termination date. (emphasis added).
The trial court found that the contract termination clause was ambiguous, and that the parties intended the contract not to be terminable during the initial three-year term. We disagree.
Before extrinsic matters may be considered by a court in interpreting a contract, the words used on the face of the contract must be ambiguous or unclear. Hurt v. Leatherby Insurance Co., 380 So.2d 432 (Fla. 1980); Boat Town U.S.A., Inc. v. Mercury Marine Division of Brunswick Corp., 364 So.2d 15 (Fla. 4th DCA 1978); Gulf Cities Gas Corp. v. Tangelo Park Service Co., 253 So.2d 744 (Fla. 4th DCA 1971). In the absence of an ambiguity on the face of a contract, it is well settled that the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls. Hurt v. Leatherby Insurance Co., 380 So.2d 432 (Fla. 1980); Arnold v. First Savings & Trust Co., 104 Fla. 545, 141 So. 608 (1932); Carefree Villages, Inc. v. Keating Properties, Inc., 489 So.2d 99 (Fla. 2d DCA 1986); City of Winter Haven v. Ridge Air, Inc., 458 So.2d 434 (Fla. 2d DCA 1984); Boat Town U.S.A., Inc. v. Mercury Marine Division of Brunswick Corp., 364 So.2d 15 (Fla. 4th DCA 1978).
Here, the reference in the termination clause to "any term" clearly refers to the initial three-year term as well as the subsequent three-year terms. See generally, Black's Law Dictionary 86 (5th ed. 1979) ("any" is "often synonymous with `either,' `every,' or `all'"); American Heritage Dictionary 117 (rev.ed. 1985) ("any" is defined as "[o]ne or another without restriction or exception"). Thus the termination clause is not ambiguous, and it was error for the trial court to go beyond the face of the contract to consider extrinsic circumstances. The plain meaning of the clause allowed Acceleration to terminate the contract during the initial three-year term.
As to Brickell's cross-appeal of the trial court's finding that application of the contract to used cars was deleted by acquiescence, we find that there was substantial competent evidence to support the trial judge's finding and affirm.
Accordingly, we reverse as to the trial court's finding that the contract was improperly terminated, and affirm as to the finding that the used car provision was effectively deleted.
Reversed in part, affirmed in part.