601 So.2d 305 (1992)
Roger W. AKERS and Sandra J. Henning, Appellants,
v.
Mario CANAS and Shirlee Ezmirly-Canas, Appellees.
No. 91-1713.
District Court of Appeal of Florida, Third District.
June 23, 1992.
Rehearing Denied July 28, 1992.
Joseph B. Allen, III, Key West, for appellants.
Morgan & Hendrick and Hugh J. Morgan and Richard M. Klitnick, Key West, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
LEVY, Judge.
Plaintiffs/property owners Roger W. Akers and Sandra J. Henning [hereafter "the Akers"], appeal an adverse final judgment finding that the construction of a deck on their property by their neighbors, easement grantees Mario Canas and Shirlee Ezmirly-Canas [hereafter "the Canas"], was not in violation of the terms of a grant of easement. We reverse based upon our conclusion that the construction of the deck violated the express provisions of the easement grant.
In March of 1984, the Akers purchased real estate subject to an easement which had been granted to their neighbors, the Canas. The easement grant to the Canas contained the following language:

*306 The sole purpose of this grant of easement is to assure Canas and Ezmirly of continued access to the rear of the building owned by Canas and Ezmirly, with the restriction that no structure or addition to any structure be placed on the property which is the subject of this grant of easement.
In the summer of 1989, the Canas applied for, and were granted, a building permit to build a deck with lattice screening on the Akers' easement property. After the Canas refused to remove the deck and lattice screening, the Akers' filed this lawsuit alleging that the deck violated the terms of the grant of easement. The trial court entered a final judgment in favor of the Canas finding that the phrase "continued access" was ambiguous, since the Canas already had access to the rear of their property which backed onto the easement area. (The trial court did find the lattice panels on the deck violated the easement and ordered their removal.) The trial court further found that the deck was not a prohibited "structure" within the meaning of the easement.
In construing unambiguous contractual provisions, it is fundamental under Florida law that the best evidence of the intention of the parties is reflected by the actual contract terms used and, thus, the plain meaning of those terms is controlling. Lyng v. Bugbee Distributing Co., 133 Fla. 419, 182 So. 801 (1938); Fecteau v. Southeast Bank, N.A., 585 So.2d 1005 (Fla. 4th DCA 1991); Acceleration National Service Corp. v. Brickell Financial Services Motor Club, Inc., 541 So.2d 738 (Fla. 3d DCA), review denied, 548 So.2d 662 (Fla. 1989); Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA), review denied, 484 So.2d 10 (Fla. 1986); Bared v. Cobo, 379 So.2d 666 (Fla. 3d DCA), certiorari denied, 388 So.2d 1111 (Fla. 1980).
Here, we find the term "access" in the easement grant to be unambiguous. Thus, it was error for the trial court to go beyond the four corners of the easement grant. Focusing upon the plain meaning of the term "access" as used in the grant of easement, it is clear that "access" means the grantees' rights are those of simple ingress and egress, which is the power to use the easement property to go to, and return from, the grantee's own land. See Osborne v. City of Manhattan, 244 Kan. 107, 765 P.2d 1100 (1988); State ex. rel. Herman v. Wilson, 103 Ariz. 194, 438 P.2d 760 (1968); Black's Law Dictionary 13 (5th ed. 1979). The grantees here are not free to utilize the easement property in any manner they choose because the grant clearly restricts their rights solely to "access." Where the grant of an easement "specifically states the uses or purposes for which the easement was created, the use of [the] easement must be confined strictly to the purposes for which it was granted or reserved and it cannot be enlarged by any change in the use or character of the dominant estate." Walters v. McCall, 450 So.2d 1139 (Fla. 1st DCA 1984). Therefore, because the plain meaning of the term "access" does not encompass the right to build a deck, we find that it was error for the trial court to enter final judgment in favor of the grantees.
Our finding is further strengthened by the specific restrictive language in the grant that "no structure or addition to any structure be placed on the property which is the subject of [the] grant of easement." A reasonable and unambiguous restrictive covenant in a grant of easement will be enforced in accordance with the intent of the parties as expressed by the plain language and ordinary meaning of its terms. Barrett v. Leiher, 355 So.2d 222 (Fla. 2d DCA 1978). In Barrett v. Leiher, the Second District Court of Appeal held that the use of the term "structure" in a restrictive covenant was not ambiguous, and that a "deck" was a structure under the ordinary definition of the term. The Court noted that:
The plain meaning of "structure" is embodied in Webster's International Dictionary: "Something constructed or built... ." We can find nothing ambiguous in the use of this term in the case before us and conclude that the deck is a structure as ordinarily understood.
*307 We similarly find that the meaning of the term structure is clear and unambiguous, and that a deck does constitute a structure under the plain meaning of the term. Thus, the construction of the deck on the easement property constituted a violation of the grant of easement. Accordingly, we reverse the final judgment entered by the trial court.
Reversed.