605 So.2d 481 (1992)
Lee J. MAHER, Robert Stecher and Great Southeast Construction Corp., a Florida corporation, Appellants,
v.
John SCHUMACHER, Appellee.
No. 91-1990.
District Court of Appeal of Florida, Third District.
August 18, 1992.
Kind, Rosenthal & Zane and Richard E. Retamar, for appellants.
Richard J. Diaz, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
GODERICH, Judge.
The defendants below, Robert Stecher, Lee J. Maher, and Great Southeast Construction Corp. [GSCC], appeal from the final judgment entered in favor of the plaintiff below, John Schumacher. Stecher appeals from the final judgment entered in favor of Schumacher on Stecher's counterclaim.[1] We affirm in part, reverse in part and remand with instructions.
On October 18, 1988, Maher, Stecher, and Schumacher entered into an agreement regarding the construction of a restaurant [hereinafter referred to as "Letter Agreement"]. The Letter Agreement stated, in part, as follows:
Lee J. Maher and Robert Stetcher [sic] propose the following:
... .
Delivery date to John Schumacher for kitchen operation and training on or before December 15th, 1988. A penalty of $350.00 per day from the 15th to 21st and thereafter a penalty of $1,000.00 per day shall be assessed.
On January 18, 1989, Maher, Stecher, Schumacher and GSCC entered into another agreement [hereinafter referred to as "Second Agreement"]. The Second Agreement stated, in part, as follows:
1. We have heretofore entered into a Letter Agreement dated October 13, 1988, a copy of which is attached. It is understood and agreed that, to the extent that there is any conflict between the terms of The Letter Agreement and the terms of this Agreement, the terms of this Agreement shall control.
2. The undersigned, Great Southeast Construction Corp., hereby agrees to deliver a fully constructed restaurant to Mezzo Corporation ...:
(a) No later than February 6, 1989, for the purpose of training of staff and operation of the equipment.
(b) No later than February 15, 1989, for the purpose of operation as a restaurant with a temporary or permanent Certificate of Occupancy.
... .
6. (b) In the event that Great Southeast Construction Corp. fails to deliver the restaurant as above set forth, Great *482 Southeast Construction Corp. agrees to pay John Schumacher the sum of $1,000 per day as liquidated damages for such non-delivery... .
The restaurant was not delivered as outlined by the Second Agreement. As a result, Schumacher filed an amended complaint alleging that Maher, Stecher and GSCC breached the contract.
The trial court found that the Letter Agreement and the Second Agreement must be read together to form one contract. In doing so, the trial court found that Maher and Stecher are individually liable under the Letter Agreement and that under the Second Agreement, GSCC is liable for one thousand dollars per day in liquidated damages. Accordingly, the trial court entered final judgment against defendants Maher, Stecher and GSCC. This appeal follows.
Stecher and Maher contend that the material provisions contained in the Letter Agreement and Second Agreement are clear and unambiguous and that the trial court erred in finding that Maher and Stecher are individually liable under the Letter Agreement. We agree.
We find that the relevant provisions contained in the Letter Agreement and Second Agreement are clear and unambiguous. When a contract is clear and unambiguous, "the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls." Acceleration Nat'l Serv. Corp. v. Brickell Financial Servs. Motor Club, Inc., 541 So.2d 738 (Fla. 3d DCA), review denied, 548 So.2d 662 (Fla. 1989); see also Fecteau v. Southeast Bank, N.A., 585 So.2d 1005 (Fla. 4th DCA 1991); Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986); Akers v. Canas, 601 So.2d 305 (Fla. 3d DCA 1992).
The language used in the agreements demonstrate that the parties intended that only GSCC be held responsible for failing to deliver the restaurant as outlined by the Second Agreement. The Second Agreement, which conflicts with the Letter Agreement, clearly establishes that if GSCC failed to deliver the restaurant as outlined by the Second Agreement, GSCC would pay Schumacher $1,000.00 per day as liquidated damages. Accordingly, the final judgment is reversed, and this cause is remanded with instructions to enter judgment in favor of Schumacher against GSCC only.
Affirmed in part, reversed in part and remanded with instructions.
NOTES
[1] We affirm the final judgment entered on Stecher's counterclaim based on Stecher's admissions.