749 So.2d 564 (2000)
LPI/KEY WEST ASSOCIATES, LTD., a Florida limited partnership, and Southernmost Donut Co., Inc., Appellants,
v.
SARAH LUNA, INC., Appellee.
No. 3D99-2170.
District Court of Appeal of Florida, Third District.
January 19, 2000.
Rehearing Denied March 1, 2000.
*565 Robert P. Frankel, Miami, for appellant.
Morgan & Hendrick and James T. Hendrick (Key West), for appellee.
Before LEVY, GODERICH, and GREEN, JJ.
LEVY, Judge.
LPI/Key West Associates ("Landlord") and Southernmost Donut Company ("Dunkin' Donuts") appeal from a non-final Order granting Sarah Luna, Inc. ("Tenant") a temporary injunction which prohibits Landlord from entering into a lease agreement with Dunkin' Donuts and precludes Dunkin' Donuts from selling bagels in the Overseas Market shopping center.
Landlord and "Tenant" entered into a lease agreement in October 1996 that contains an exclusivity clause which provides that: "[l]andlord hereby agrees that Tenant shall be the exclusive tenant within the Shopping Center ... whose main business purpose is the sale or distribution of bagels, or whose business otherwise functions as a `bagel bakery'" (emphasis supplied). In January 1999, Landlord entered into a lease agreement with Dunkin' Donuts for lease of space to operate a Dunkin' Donuts franchise in the Overseas Market shopping center. "Tenant" filed suit seeking declaratory and injunctive relief claiming that the lease agreement between Landlord and Dunkin' Donuts violates the exclusivity provision of its lease. After two days of hearings, the trial court entered a temporary injunction against Landlord and Dunkin' Donuts after finding that Dunkin' Donuts intends to operate a business that functions as a "bagel bakery" in competition with "Tenant". We reverse.
The exclusivity clause precludes the Landlord from entering into a lease with a prospective tenant who (1) is operating a business whose main business purpose is to sell bagels; or (2) operates a "bagel bakery". There is no dispute between the parties that Dunkin' Donuts' "main business purpose" is the sale or distribution of donuts, not bagels. Therefore, this appeal centers around the interpretation of the term "bagel bakery." "Tenant" argues that the second clause, "which otherwise functions as a `bagel bakery'," operates as an alternative, independent means of excluding a Dunkin' Donuts' operation, the practical effect of the clause is to modify the first clause, "whose main business purpose is the sale or distribution of bagels."
In determining the function of this clause, we must look at the actual language, and the plain meaning of that language, giving effect to each word. See Pol v. Pol, 705 So.2d 51 (Fla. 3d DCA 1997); Maher v. Schumacher, 605 So.2d 481 (Fla. 3d DCA 1992); Acceleration Nat'l Serv. Corp. v. Brickell Financial Servs. Motor Club, Inc., 541 So.2d 738 (Fla. 3d DCA), review denied, 548 So.2d 662 (Fla.1989) (holding that when a contract is clear and unambiguous, "the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls."). The dictionary definition of a bakery is "[a] shop where bread, cake, pastry, etc., are sold." Funk & Wagnalls New International Dictionary of the English Language 107 (1984). In the instant case, there is no dispute that Dunkin' Donuts operates as a bakery. However, by placing the word "bagel" before "bakery", the parties, in effect, limited the application of the exclusivity provision to those businesses whose primary function is to sell bagels.
"Tenant" argues that because Dunkin' Donuts sells bagels, Dunkin' Donuts is a "bagel bakery." We disagree that the mere fact that Dunkin' Donuts sells bagels makes it a "bagel bakery." Although not necessary for our decision in this case, we further note that the small amount of bagels Dunkin' Donuts bakes and sells, relative *566 to the rest of its products, is incidental to its business and further indicates that it does not function as a "bagel bakery." See Winter Park Appliance Center, Inc. v. Walling Crate Co., 196 So.2d 198 (Fla. 2d DCA 1967); Norwood Shopping Center v. MKR Corp., 135 So.2d 448 (Fla. 3d DCA 1961).
Accordingly, the Order below is reversed and the temporary injunction dissolved. Our ruling today obviates our need to address Landlord and Dunkin' Donuts' other issues.
Reversed.