SHEPHERD, J.
Although the parties to the contested contract in this case exchanged different signals during negotiations, the unambiguous language of the agreement provided for the sale of “only those assets set forth on Schedule 2.1 ..., as the same shall exist on the date hereof.” See Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957) (noting that the making of a contract depends not on the parties having meant the same things but on their having said the same thing). Because the congressionally created customs duty refund did not exist until three weeks after the parties executed the contract, the refund clearly was not in existence on the contract date. See Beach Resort Hotel Corp. v. Wieder, 79 So.2d 659, 663 (Fla.1955) (“The court can not, in the absence of fraud or the like recognized equitable ground, reconstruct the contract, for the purpose of making its terms accord with a post contractual conception more suitable to the situation of the parties.” (citing City of Camden v. S. Jersey Port Comm’n, 2 N.J.Super. 278, 63 A.2d 552, 566 (1948))). The fact that the amount of the calculation of the refund included duties paid prior to the date the agreement was signed does not call for a different outcome.
It is inherent in business relationships that contracts are negotiated with incomplete information. Accordingly, where an agreement is unambiguous, as is the case here, we enforce the contract as written, no matter how disadvantageous the language might later prove to be. See Kel Homes, LLC v. Burris, 933 So.2d 699, 704 (Fla. 2d DCA 2006); see also Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 302 So.2d 404, 408 (Fla.1974) (“A subsequent difference as to the construction of the contract does not affect the validity of the contract or indicate the minds of the parties did not meet with respect thereto.”).
Affirmed.