985 So.2d 1159 (2008)
IDEARC MEDIA CORP., d/b/a Verizon Yellow Page Directory, Appellant,
v.
M.R. FRIEDMAN AND G.A. FRIEDMAN, P.A., a Florida Professional Association, Appellee.
No. 3D07-2836.
District Court of Appeal of Florida, Third District.
June 18, 2008.
*1160 Butler Pappas Weihmuller Katz Craig and Lewis F. Collins, Jr. and Anthony J. Russo, Tampa, for appellant.
Ross & Girten and Lauri Waldman Ross and Theresa L. Girten, Miami, for appellee.
Before GERSTEN, C.J., LAGOA, J., and DAMOORGIAN, Associate Judge.
LAGOA, Judge.
Appellant, Idearc Media Corp., d/b/a Verizon Yellow Page Directory ("Verizon") appeals from a non-final order denying its motion to compel arbitration. For the reasons set forth below, we affirm.
In June of 2006, M.R. Friedman and G.A. Friedman, P.A. ("Friedman") entered into a contract with Verizon for directory advertising in the Verizon Yellow Pages Directory. Friedman agreed to pay Verizon a monthly fee of $6,898.95 in exchange for the directory advertising. Paragraph 8 of the contract contained the arbitration provision at issue:

Publisher may bring an action in court to collect amounts due under Sections 3 (Payment for Advertising), 25 (Amount of Payment) of this Application, and I may bring an action in court to recover amounts I have paid under this Application. In such actions, trial will be in a court of competent jurisdiction, and Publishers and I each waive any trial by jury. All other disputes between myself and Publisher ... concerning or arising from or in connection with (i) this Application, (ii) the construction, performance or breach of these terms and conditions and any modifications thereof (iii) any transactions between myself and Publisher, including but not limited to any accounts I maintain with Publisher, any advertising that Publisher publishes or *1161 does not publish for me and any statements that I or Publisher make to one another in connection with our transactions, or (iv) any issues as to whether a dispute is arbitrated between us, whether such disputes arose prior to, on or subsequent to the date of the Application will be referred by the aggrieved party to arbitration under rules of the American Arbitration Association, and such party will give written notice of arbitration to the other.
(Emphasis added).
In the Amended Complaint, Friedman seeks recovery of the amounts paid under the contract. In response to the amended complaint, Verizon filed a motion to stay proceedings and to compel arbitration.[1] The trial court denied the motion and this appeal ensued.
On appeal, Verizon argues that Friedman was required to arbitrate its dispute with Verizon. Verizon contends that the arbitration provision permits a customer to sue Verizon in court when seeking a return of monies paid, as long as the dispute does not arise out of "the performance or breach" of the contract. Verizon further argues that the trial court erroneously focused on the type of damages Friedman sought rather than the nature of Friedman's claim. Friedman, however, asserts that under the clear terms of the arbitration provision, any claim for monies paid under the contract is excluded from the arbitration requirement, and may be brought in court. We agree with Friedman and affirm.
We review a denial of a motion to compel arbitration de novo. Roth v. Cohen, 941 So.2d 496, 499 (Fla. 3d DCA 2006); Turner Constr. Co. v. Advanced Roofing, Inc., 904 So.2d 466 (Fla. 3d DCA 2005). Arbitration provisions are construed following principles of contract interpretation. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). Where contractual provisions are clear and unambiguous, those terms must be given their plain and ordinary meaning. See Pol v. Pol, 705 So.2d 51, 53 (Fla. 3d DCA 1997). While we recognize that all doubts should be resolved in favor of arbitration, this principle only applies where the contractual provision is ambiguous or uncertain. See Waterhouse Constr. Group, Inc. v. 5891 S.W. 64th Street, LLC, 949 So.2d 1095, 1099 (Fla. 3d DCA 2007). Here, neither side argues that the applicable arbitration provision is ambiguous. Instead, at issue is the interpretation of several sentences within the same contractual provision, which appear on their face to conflict. When certain provisions of a contract conflict, "it is a general principle of contract interpretation that a specific provision dealing with a particular subject will control over a different provision dealing only generally with that same subject." Kel Homes, LLC v. Burris, 933 So.2d 699, 703 (Fla. 2d DCA 2006).
The first sentence of paragraph 8 specifically provides that the Publisher, Verizon, may bring an action in court to collect amounts due under the contract and that Friedman may also bring an action in court to recover amounts paid under the contract. The second sentence of paragraph 8 further provides that "[i]n such actions, trial will be in a court of competent jurisdiction." The remaining portion of paragraph 8 addresses generally "[a]ll other disputes" arising from or in connection with "the construction, performance or breach" of the contract's terms and requires arbitration for any such disputes. Verizon, however, seeks to re-write its own *1162 contract by asserting that the "second exception allows the customer/advertiser to sue Verizon in court when seeking a return of monies paid, but only so long as the dispute does not arise out of the performance or breach of the terms of the parties' agreement." This Court, however, cannot re-write the unambiguous terms of the contract. See Pol, 705 So.2d at 53. Because Verizon and Friedman entered into a contractual agreement, it is difficult, although not impossible, to imagine a dispute about monies owed by one party to another that would not concern performance or breach of the contract. Verizon, however, executed a contract which specifically excluded two claims from arbitration: (1) claims involving the collection of monies due to Verizon under the contract; and (2) claims involving the recovery of monies paid under the contract by Friedman. In addition, the contract excluded these claims from a trial by jury. All other disputes are subject to arbitration.
We conclude that because Friedman specifically tailored its amended complaint to seek amounts paid under the contract, the first two sentences of paragraph 8, which allow such an action to be brought in a court of competent jurisdiction, control over the remaining language of paragraph 8 that deals generally with arbitration and all other disputes. As this Court has previously concluded, "where an agreement is unambiguous, as is the case here, we enforce the contract as written, no matter how disadvantageous the language might later prove to be." Applica Inc. v. Newtech Elecs. Indus., Inc., 980 So.2d 1194 (Fla. 3d DCA 2008). Accordingly, we affirm the trial court's order denying Verizon's motion to compel arbitration.
Affirmed.
NOTES
[1] In response to the initial complaint, Verizon had previously filed a motion to stay the proceedings and compel arbitration of the claim.