RAMIREZ, C.J.
Wells Fargo Bank appeals the trial court’s denial of its motion to vacate the default final judgment in a foreclosure proceeding to which Wells Fargo was joined as a party. We affirm the trial court’s decision. Although the trial court erred in summarily ruling on the merits of Wells Fargo’s asserted defenses, Wells Fargo’s motion was nonetheless legally insufficient.
On June 13, 2008, Claudia Sanchez conveyed the subject property by warranty deed to the current owner of record, Andres Encalada. That same day, Encalada gave Wells Fargo a purchase money mortgage. The mortgage was recorded on August 20, 2008. On July 3, 2008, Sanchez gave Leila Jidy a mortgage. That mortgage was recorded on August 7, 2008. When Sanchez defaulted in payments, Jidy filed a complaint for foreclosure and joined Wells Fargo and Encalada as parties.
Wells Fargo was served on March 2, 2009. However, due to Wells Fargo’s failure to file any responsive pleading, a default was entered against it on April 9, 2009. The trial court entered its summary final judgment in foreclosure on July 9, 2009. In response, Wells Fargo filed an emergency motion to vacate default, vacate final judgment, and cancel foreclosure sale. Wells Fargo also filed an affidavit and a proposed answer, which raised two meritorious affirmative defenses.
On August 18, 2009, the trial court entered its order to set aside default, but proceeded to rule summarily on the merits of the defenses asserted. The trial court had concluded that Wells Fargo could not prevail and that “it would be a total waste of time to set [the default final judgment] aside.” This appeal followed.
We find that the trial court abused its discretion when it summarily ruled on the merits of the defenses asserted by Wells Fargo in its proposed answer. “Florida’s courts have a longstanding policy favoring the adjudication of lawsuits on the merits.” Markowski v. Attel Bank Int’l, 701 So.2d 416, 417 (Fla. 3d DCA 1997). See also North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962) (“[I]f there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.”). Because Wells Fargo raised two valid meritorious defenses, the trial court should have permitted a trial upon the merits.
We nevertheless affirm the trial court’s order because Wells Fargo failed to argue in its motion or its affidavit that it demonstrated due diligence in moving to *164 set aside the default. The “tipsy coachman” doctrine “allows an appellate court to affirm a trial court that ‘reaches the right result, but for the wrong reasons’ so long as ‘there is any basis which would support the judgment in the record.’ ” Robertson v. State, 829 So.2d 901, 906 (Fla.2002). In a case such as the instant one, the party moving to vacate a default final judgment must show three things: “(1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default.” Lazcar Int’l, Inc. v. Caraballo, 957 So.2d 1191, 1192 (Fla. 3d DCA 2007). Wells Fargo conspicuously failed to mention due diligence in its emergency motion or in its attached affidavit. Therefore, Wells Fargo’s motion to vacate the default final judgment was legally insufficient, and on this alternative ground, the trial court did not err in denying it.
Accordingly, we affirm the denial of the motion to vacate default final judgment.
Affirmed.
LAGOA, J., concurs.