DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNITED HEALTHCARE OF FLORIDA, INC.,
UNITED HEALTHCARE INSURANCE COMPANY,
NEIGHBORHOOD HEALTH PARTNERSHIP, INC.,
ALL SAVERS INSURANCE COMPANY, INC.,** and
**HEALTHCARE SERVICES, INC.**
Appellants,

v.

**NORTH BROWARD HOSPITAL DISTRICT** d/b/a
**BROWARD HEALTH,**
Appellee.

No. 4D2023-2874

[March 5, 2025]

Appeal of nonfinal orders from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack Tuter, Judge; L.T. Case No. CACE23016530.

Allen P. Pegg, Darnesha Carter Foli, and Daniela Carreras of Hogan Lovells US LLP, Miami, for appellants.

Michael L. Ehren, Alan D. Lash, Justin C. Fineberg, and William E. Baldwin of Lash Goldberg Fineberg LLP, Miami, for appellee.

PER CURIAM.

Appellants United Healthcare of Florida, Inc.; United Healthcare Insurance Company; Neighborhood Health Partnership, Inc.; All Savers Insurance Company, Inc.; and United Healthcare Services, Inc. (collectively, "United") appeal the trial court's order denying their motion to compel arbitration against Appellee North Broward Hospital District d/b/a Broward Health ("Broward Health"), and the subsequent order following relinquishment of jurisdiction determining that the issue of arbitrability can be determined by the trial court. On appeal, United argues the parties had executed agreements delegating the power to decide issues of arbitrability exclusively to an arbitrator. We agree and reverse.

## Background

Between 2012 and 2014, United and Broward Health entered into two agreements—one governing hospital services, and the other governing the parties' relationship with respect to the delivery of professional services.

Both agreements contained nearly identical dispute resolution articles. The Facility Participation Agreement ("FPA") states:

> The parties will work together in good faith to resolve any and all disputes between them (hereinafter referred to as "Disputes") including but not limited to all questions of arbitrability, the existence, validity, scope or termination of the Agreement or any term thereof.
>
> If the parties are unable to resolve any such Dispute within 60 days following the date one party sent written notice of the Dispute to the other party, and if either party wishes to pursue the Dispute, it shall thereafter be submitted to binding arbitration before a panel of three arbitrators in accordance with the Commercial Dispute Procedures of the American Arbitration Association, as they may be amended from time to time (see http www.adr.orc4).
>
> . . .
>
> This [Dispute Resolution] Article [] governs any dispute between the parties arising before or after execution of this Agreement, and shall survive any termination of this Agreement.

The FPA also contains a "Court Determination" provision, explaining what happens if the case is not sent to arbitration:

> In the event that any portion of this Article or any part of this Agreement is deemed to be unlawful, invalid or unenforceable, such unlawfulness, invalidity or unenforceability shall not serve to invalidate any other part of this Article or Agreement. In the event any court determines that this arbitration procedure is not binding or otherwise allows litigation involving a Dispute to proceed, the parties hereby waive any and all right to trial by jury in, or with respect to, such litigation. Such litigation would instead proceed with the judge as the finder of fact.

2

The parties terminated the agreements in April and September 2022, and then reinstated both agreements in November 2022. In the interim, Broward Health was considered an "out of network" provider.

Broward Health sued United, alleging United underpaid Broward Health for certain out of network emergency services rendered to United's members during the period before the agreements' reinstatement. Specifically, Broward Health alleged United's professional services payments to Broward Health while Broward Health was a "non-participating provider," or otherwise "out of network," were substantially below the reasonable value of the services rendered.

United moved to compel arbitration. Broward Health opposed the motion, arguing its claims were not arbitrable because the claims arose prior to the agreements' reinstatement. The trial court ultimately denied United's motion because Broward Health's claims did not fall within the dispute resolution provisions.

This appeal followed. We briefly relinquished jurisdiction to the trial court for a determination as to whether the trial court or the arbitrator had the power to decide the issue of arbitrability. The trial court again agreed with Broward Health, relying on language in the Court Determination provision to conclude that the trial court has the authority to determine whether arbitration is binding on the parties.

## Analysis

The question before us is, in the context of the parties' agreements and the subject dispute, who decides whether the parties agreed to arbitrate—the trial court or the arbitrator?

We review an order denying a motion to compel arbitration de novo. *Hernandez v. Crespo*, 211 So. 3d 19, 24 (Fla. 2016). "If there is a dispute over what issues or controversies are within the scope of an arbitration agreement, courts will generally resolve the dispute 'in favor of arbitration.'" *Fallang Fam. Ltd. P'ship v. Privcap Cos.*, 316 So. 3d 344, 347 (Fla. 4th DCA 2021) (quoting *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013)).

Just as contracting parties are free to agree to arbitrate the merits of a dispute, they are likewise free to arbitrate the question of arbitrability. *Airbnb, Inc. v. Doe*, 336 So. 3d 698, 703 (Fla. 2022); *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular

3

controversy."). "'[W]hen courts decide whether a party has agreed that arbitrators should decide arbitrability,' courts 'should not assume that the parties agreed to arbitrate arbitrability unless there is "clea[r] and unmistakabl[e]" evidence that they did so.'" *Airbnb*, 336 So. 3d at 703 (alterations in original) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

Parties can "clearly and unmistakably agree[] that an arbitrator decides questions of arbitrability" when they incorporate the American Arbitration Association's ("AAA") Commercial Arbitration Rules into the agreement, as those rules expressly delegate arbitrability determinations to an arbitrator. *Id.* at 704. Our supreme court held that incorporation of the AAA rules by reference exclusively delegates the authority to decide questions of arbitrability to the arbitrator. *Id.* at 705.

Here, both parties agree that the AAA rules were incorporated by reference. However, Broward Health argues the Court Determination provision undermines the parties' clear and unmistakable intent to delegate the arbitrability decision to the arbitrator.

We disagree with Broward Health's argument. The agreements specifically provide that questions of arbitrability are subject to binding arbitration. The Court Determination provision, on the other hand, waives the right to a jury trial *if* the litigation remains in court because the trial court determines, for example, that the dispute resolution article is invalid or unenforceable. The trial court made no such determination here. Thus, the specific provision addressing arbitrability controls. *See Williams-Paris v. Joseph*, 329 So. 3d 775, 781 (Fla. 4th DCA 2021) ("[W]hen certain provisions of a contract appear to conflict, 'it is a general principle of contract interpretation that a specific provision dealing with a particular subject will control over a different provision dealing only generally with that same subject.'" (quoting *Idearc Media Corp. v. M.R. Friedman & G.A. Friedman, P.A.*, 985 So. 2d 1159, 1161 (Fla. 3d DCA 2008))).

The agreements demonstrate the parties' "clear and unmistakable" intent to delegate questions of arbitrability exclusively to the arbitrator. Therefore, we vacate both the trial court's order denying United's motion to compel arbitration and the trial court's subsequent order, after relinquishment of jurisdiction, determining that the trial court could resolve the issue of arbitrability. We remand for the trial court to refer the arbitrability matter to the arbitration panel selected by the parties. We otherwise take no position on whether the arbitration provisions apply to Broward Health's claims or on the merits of the underlying dispute.

*Reversed and remanded with instructions.*

4

CIKLIN, CONNER and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***