# Third District Court of Appeal
## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1075
Lower Tribunal No. 19-35220-CA-01
_____

**Genman Corp., et al.,**
Appellants,

vs.

**Richard Rinella,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Weiss Serota Helfman Cole & Bierman, PL, Howard D. DuBosar, Edward G. Guedes (Boca Raton), Harrison R. DuBosar, P.A., and Harrison R. DuBosar, for appellants.

Shaw Lewenz, LLLP, Jordan A. Shaw, Zachary D. Ludens, and Lauren N. Palen (Fort Lauderdale), for appellee.

Before EMAS, FERNANDEZ, and MILLER, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Wells Fargo Bank, N.A. v. Jidy</u>, 44 So. 3d 162, 164 (Fla. 3d DCA 2010) ("The 'tipsy coachman' doctrine 'allows an appellate court to affirm a trial court that reaches the right result, but for the wrong reasons so long as there is any basis which would support the judgment in the record.'") (quoting <u>Robertson v. State</u>, 829 So. 2d 901, 906 (Fla. 2002)) (internal quotation marks omitted); <u>Idearc Media Corp. v. M.R. Friedman & G.A. Friedman, P.A.</u>, 985 So. 2d 1159, 1161 (Fla. 3d DCA 2008) ("When certain provisions of a contract conflict, 'it is a general principle of contract interpretation that a specific provision dealing with a particular subject will control over a different provision dealing only generally with that same subject.'") (quoting <u>Kel Homes, LLC v. Burris</u>, 933 So. 2d 699, 703 (Fla. 2d DCA 2006)); <u>Pardes v. Pardes</u>, 335 So. 3d 1241, 1251 (Fla. 3d DCA 2021) ("It is apodictic that, under contract law, the more specific contractual provision controls over the general provision."); <u>Paddock v. Bay Concrete Indus., Inc.</u>, 154 So. 2d 313, 315 (Fla. 2d DCA 1963) ("All the various provisions of a contract must be so construed, if it can reasonably be done, as to give effect to each.").